IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-02313-MSK-WJW

LARRY L. WRIGHT,

    Applicant,

v.

FEDERAL BUREAU OF PRISONS,

    Respondent.

RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

MICHAEL J. WATANABE, United States Magistrate Judge

    This matter is before the Court pursuant to an Order of Reference to United States Magistrate Judge issued on December 29, 2011, by District Judge Marcia S. Krieger. Docket No. 18. The case was re-assigned to this Court on January 3, 2012, after Magistrate Judge Michael E. Hegarty issued an order of recusal on December 30, 2011. Docket Nos. 19, 20.

    Applicant, Larry Wright, is a federal prisoner incarcerated at the United States Penitentiary in Leavenworth, Kansas.[1] Before the Court for a report and recommendation is the Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 filed by Applicant on September 1, 2011 (hereinafter "the Application"). Docket No. 1. Respondent filed an Amended Return to Application for Writ of Habeas Corpus ("Answer"). Docket No. 15. Applicant was given the opportunity to file a Reply. The Court has considered the Application and the Answer as well as applicable Federal

---

[1] At the time Applicant initiated this action, he was incarcerated at the Federal Correctional Institution in Florence, Colorado.

Rules of Civil Procedure, statutes, and case law and has taken judicial notice of the Court's file. The Court now being fully informed makes the following findings, conclusions of law, and recommendation. Because the Applicant is proceeding without counsel, the Court has "construe[d] his pleadings liberally, but [has not] act[ed] as his advocate." *Ford v. Pryor*, 552 F.3d 1174, 1178 (10th Cir. 2008).

## I. Background

On July 1, 2003, Applicant was arrested by Missouri law enforcement authorities and charged with two counts of second degree domestic assault and one count of first degree tampering. Declaration of J. Scott Farr, Docket No. 14-1, at ¶ 5. Applicant was confined in the Jackson County detention facility until November 13, 2003, when the United States Marshals Service for the Western District of Missouri assumed custody of him pursuant to a writ of *habeas corpus ad prosequendum. Id.* at ¶ 6; Docket No. 15, attach. 3. On May 21, 2004, Applicant pleaded guilty in United States District Court for the Western District of Missouri Criminal Case No. 03-00278-01-CR-W-SOW to the offense of being a felon in possession of a firearm and was sentenced to a 120-month term of imprisonment. Docket No. 14-1, at ¶ 6; Docket No. 15, attach. 4. After the federal sentencing, Applicant was returned to Jackson County, Missouri state authorities pending disposition of the state criminal charges. Docket No. 14-1, at ¶ 6; Docket No. 15, attach. 3. On June 22, 2004, Applicant was convicted pursuant to his guilty plea in Jackson County, Missouri Circuit Criminal Case No. CR03-03705 and sentenced to an aggregate term of seven years imprisonment. Docket No. 14-1, at ¶ 7; Application, Ex. 1. Applicant was thereafter remanded to the Missouri Department of Corrections for service of his state sentence. Docket No. 14-1, at ¶ 7. On April 5, 2006,

Applicant was paroled from his state term of incarceration.  *Id.*; Docket No. 15, attach. 2. He was received into federal custody on April 6, 2006.  Docket No. 14-1, at ¶ 7; Docket No. 15, attachs. 2, 6.  Applicant has a projected release date of February 4, 2015, via good conduct time release.  Docket No. 14-1, at ¶ 3; Docket No. 15, attach. 1, at 1.

## II.  Application

Applicant initiated this action by filing pro se his 28 U.S.C. § 2241 Application on September 1, 2011. Docket No. 1. After being ordered to file a preliminary response, Respondent informed the Court that it would not raise the affirmative defense of exhaustion of administrative remedies. Docket No. 8. The case was drawn to a district judge and a magistrate judge on October 14, 2011.

Applicant seeks an order requiring the BOP to retroactively grant him credit towards his federal sentence for the time he served during his state sentence (a *nunc pro tunc* designation), pursuant to 18 U.S.C. § 3621(b).  Docket No. 1, at 2.  He argues that he is entitled to the *nunc pro tunc* designation because the state district court ordered his state sentence to run concurrently with his federal sentence.  *Id.*  In support of this contention, Applicant attaches a copy of the June 22, 2004 Judgment entered in Jackson County Circuit Court Criminal Case No. CR03-03705. The Judgment shows that the state sentencing judge ordered Applicant's state sentence to run concurrent with the sentence imposed in United States District Court for the Western District of Missouri Criminal Case No. 03-00278-01-CR-W-SOW.  Application, Ex. 1.

## III.  Legal Standard

A section 2241 habeas proceeding is "an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *McIntosh v. U.S. Parole Common*, 115 F.3d 809, 811 (10th Cir.1997) (quoting *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973)). "A motion pursuant to § 2241 generally . . . [includes] such matters as the administration of parole, computation of a prisoner's sentence by prison officials, prison disciplinary actions, prison transfers, type of detention and prison conditions." *Hernandez v. Davis*, No. 07–cv–02406–REB–ME, 2008 WL 2955856, at *7 (D. Colo. July 30, 1998) (quoting *Jiminian v. Nash*, 245 F.3d 144, 146 (2d Cir. 2001)). "A petition under 28 U.S.C. § 2241 attacks the execution of a sentence rather than its validity and must be filed in the district where the prisoner is confined." *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir.1996). Here, Applicant correctly filed the Application challenging the computation of his federal sentence in the District of Colorado, where he was incarcerated at the time of initial filing.

**IV. Analysis**

Applicant asks the Court to order the BOP to grant him *nunc pro tunc* designation of his state facility for service of a "concurrent" federal sentence. Applicant was sentenced on the federal offense approximately one month before he was sentenced on the state convictions.

Applicant's federal sentence commenced on April 6, 2006, the date that he was received into federal custody. *See* 18 U.S.C. § § 3585(a) (stating that a federal sentence "commences on the date the defendant is received in custody [at] the official detention facility" designated by the BOP). Generally, a federal prisoner is not entitled

to credit on his federal sentence for time spent in state custody. *See Bloomgren v. Belaski*, 948 F.2d 688, 690 (10th Cir. 1991); *see also* 18 U.S.C. § 3585(b) (defendant shall be given credit toward the service of term of imprisonment for time spent in official detention prior to the date federal sentence commences "that has not been credited against another sentence"). The Court notes at the outset that Applicant received credit toward his state sentence for the approximately six-month period he spent in federal custody awaiting disposition of the federal charges in 2003 and 2004. Docket No. 15, attach. 2, at 2.

Federal statutory law does not expressly authorize the relief Applicant seeks. Title 18 United States Code, section 3584(a) states, in relevant part:

> Multiple terms of imprisonment imposed at the same time run concurrently unless the court orders or the statute mandates that the terms are to run consecutively. Multiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently.

18 U.S.C. § 3584(a). "[T]he presumption of concurrent sentences affects only sentences 'imposed at the same time.'" *United States v. Eccleston*, 521 F.3d 1249, 1254 (10th Cir. 2008) (referencing *Abdul-Malik v. Hawk-Sawyer*, 403 F.3d 72, 75 (2d Cir. 2005)) (Section 3584(a) does not apply when a state sentence is imposed after the imposition of a federal sentence).

Further, "neither the federal courts nor the [BOP] are bound in any way by the state court's direction that the state and federal sentences run concurrently." *Barden v. Keohane*, 921 F.2d 476, 478 n. 4 (3d Cir. 1990) (citing U.S. Const. art. VI, cl. 2); *see also Abdul-Malik*, 403 F.3d at 75 (state court determination of concurrent state and

federal sentences is not binding on federal authorities); *Fegans v. United States*, 506 F.3d 1101, 1104 (8th Cir. 2007) (same).

Here, the federal sentencing court did not specify that Applicant's federal sentence should run concurrently to any state sentence that would result from the pending state criminal charges. The circuit courts of appeal are split as to whether a federal court has the authority to order that a federal sentence run concurrently with a state sentence that has not yet been imposed. *See Abdul-Malik*, 403 F.3d at 74-75 (collecting cases). The Court of Appeals for the Eighth Circuit[2] has held that a consecutive sentence may be imposed consistent with the presumption in the last sentence of § 3584(a). *See United States v. Mayotte*, 249 F.3d 797, 799 (8th Cir. 2001). However, the issue of whether the federal district courts have the power to declare a federal sentence concurrent to a state sentence not yet imposed remains an open question in the Eighth Circuit. *See Fegans*, 506 F.3d at 1104. Furthermore, the federal sentencing court may not be aware of the pending state criminal charges. Accordingly, the federal sentencing court's intent regarding a future state sentence is not necessarily discernable from the federal sentencing record.

The Court of Appeals for the Third Circuit addressed the specific circumstances presented here in *Barden*. There, the prisoner argued in his § 2241 petition that the federal authorities made a mistake in failing to designate the state prison as the place of confinement for his federal sentence. *Barden*, 921 F.2d at 477. Mr. Barden contended that the designation was necessary to carry out the intention of the state sentencing

---

[2]The Eighth Circuit includes the United States District Court of the Western District of Missouri where Applicant was sentenced.

court that his state sentence be served concurrently with his existing federal sentence. *Id.* The federal judgment was silent as to whether the federal sentence would run consecutive or concurrent to any future state sentence. *Id.* at 478. Mr. Barden asked the federal habeas court to order the BOP to remedy the mistake by designating *nunc pro tunc* the state facility for service of his federal sentence. *Id.*

The Third Circuit agreed with Mr. Barden that the BOP has the statutory authority to make the *nunc pro tunc* designation that he requested. *Barden*, 921 F.2d at 478 (citing 18 U.S.C. § 3621(b), which affords the BOP wide discretion to designate an inmate's place of confinement). The Circuit Court thus held that when a federal prisoner makes a request to receive credit toward the completion of his federal sentence for time served on a state sentence, the BOP "has an obligation . . . to look at [the petitioner's] case and exercise the discretion the applicable statute grants the [BOP] to decide whether the state prison in which he served his sentence should be designated as a place of federal confinement *nunc pro tunc*." *Id.* However, the Third Circuit recognized that the BOP is given broad discretion in making this determination. *Id.*

Although the Court of Appeals for the Tenth Circuit has not expressly adopted *Barden*,[3] the Circuit Court has implicitly recognized in an unpublished opinion that the BOP has discretion to designate a state institution for service of an offender's federal

---

[3] *See United States v. Miller*, 594 F.3d 1240, 1242 (10th Cir. 2010) (declining to apply *Barden* where federal district court ordered defendant's federal sentence to run consecutively to his state sentence because the requested *nunc pro tunc* designation would void the valid federal sentence and undermine the federal court's authority under 18 U.S.C. § 3584(a)). In this case, the federal judgment is silent as to whether Applicant's federal sentence would run consecutive or concurrent to any future state sentence.

sentence.  *See McCarthy v. Warden, USP Leavenworth*, 168 F. App'x 276, 277-78 (10th Cir. 2006) (unpublished).

In response to *Barden*, the BOP promulgated a Program Statement to guide its exercise of discretion in designating a state facility for concurrent service of a federal sentence.  The BOP applied the most recent version of the Program Statement, PS 5160.05 (January 16, 2003), in denying Applicant's request for a *nunc pro tunc* designation.  Docket No. 14-1, at ¶¶10-12; *see also* Docket No. 14-3.  Applicant submitted his request for *nunc pro tunc* designation to the BOP in September 2010.  Docket No. 14-1, at ¶ 12, and attach. 5.  Because the federal Judgment was silent as to any state-imposed sentence, the BOP issued a letter to the United States District Court for the Western District of Missouri requesting an opinion of the sentencing judge with respect to retroactive designation.  Docket No. 14-1, at ¶ 12; Docket No. 14-3, at 6.  On June 8, 2011, after waiting sixty days for a response from the federal district court, the BOP considered the five factors listed in 18 U.S.C. § 3621(b) and determined that a retroactive designation for Application was not appropriate, based on his extensive criminal history, the nature of his offense, and the silence of the federal sentencing court regarding the imposition of his federal sentence.  Docket No. 14-1, at ¶12.

The BOP's denial of *nunc pro tunc* designation is reviewed for abuse of the agency's substantial discretion under 18 U.S.C. § 3621.  *See Fegans*, 506 F.3d at 1105 (citation omitted); *Taylor v. Sawyer*, 284 F.3d 1143, 1149 (9th Cir. 2002); *McCarthy v. Doe*, 146 F.3d 118, 123 n. 4 (2d Cir. 1998); *Barden*, 921 F.2d at 478; *see also McCarthy v. Florence*, Case No. 08-CV-00961-REB, 2010 WL 2163781 at *2 (D. Colo. May 26, 2010).

The designation of an appropriate state institution for service of a "concurrent" federal sentence must be in compliance with applicable statutes, court order or recommendations, and must be consistent with the intent of the federal sentencing court and the goals of the criminal justice system. BOP PS § 5160.05. The record reflects that the BOP followed PS 5160.05 in addressing Applicant's designation request. The federal sentencing judge was given notice of the *nunc pro tunc* designation request pursuant to PS 5160.05(9)(b)(4)(c), but he remained silent during the sixty-day comment period. In light of these facts, and Applicant's criminal history, the Court finds that the BOP did not abuse its discretion in denying the request. *See e.g. Taylor,* 284 F.3d at 1149 (the BOP's decision "is plainly and unmistakably within the BOP's discretion and we cannot lightly second guess a deliberate and informed determination by the agency charged with administering federal prison policy"). Therefore, Applicant is not entitled to federal habeas relief from this Court to the extent he challenges his federal sentence computation.

**WHEREFORE**, for the foregoing reasons, the Court respectfully **RECOMMENDS** that the Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (Docket No. 1; Sept. 1, 2011) be DENIED and that the case be DISMISSED with prejudice.

**NOTICE:** Pursuant to 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b)(2), the parties have fourteen (14) days after service of this recommendation to serve and file specific written objections to the above recommendation with the District Judge assigned to the case. A party may respond to another party's objections within fourteen (14) days after being served with a copy. The District Judge need not consider frivolous,

conclusive, or general objections. A party's failure to file and serve such written, specific objections waives de novo review of the recommendation by the District Judge, *Thomas v. Arn*, 474 U.S. 140, 148–53 (1985), and also waives appellate review of both factual and legal questions. *Makin v. Colo. Dep't of Corr.*, 183 F.3d 1205, 1210 (10th Cir.1999); *Talley v. Hesse*, 91 F.3d 1411, 1412–13 (10th Cir.1996).

Dated this 20th day of July, 2012, at Denver, Colorado.

BY THE COURT:

S/Michael J. Watanabe
MICHAEL J. WATANABE
United States Magistrate Judge